OPINION OF THE COURT
Renee R. Roth, S.
*1018 In this application for the appointment of a successor custodian, the court is requested to determine whether the custodianship terminates when the infant turns 18, as provided under the prior law, Uniform Gifts to Minors Act (UGMA), which still governs transfers of property made before January 1, 1997 (EPTL 7-4.12 [d]) or when he turns 21, as provided by the recently enacted Uniform Transfers to Minors Act (UTMA), which applies to transfers made on or after January 1, 1997 (EPTL 7-6.22).
The custodianship in question was established by Bess Langsdorf in 1985 by purchasing a Metropolitan Transportation Authority Bond in her name as a UGMA custodian for her newborn grandson, Michael Langsdorf Nadler. When Mrs. Langsdorf recently died, her daughter, the executrix of her estate, discovered the bond. Since the custodian had not designated a successor, the infant’s mother brought this proceeding seeking appointment as custodian. She also requests that the custodianship be extended, pursuant to UTMA, until February 9, 2006, when her son becomes 21 years old. The issue is whether UTMA or UGMA governs the administration of this fund.
UTMA was enacted to provide custodians with greater flexibility in administering an infant’s assets and to ensure uniformity with the 45 other States which have adopted the Uniform Transfers to Minors Act proposed in 1983 by the National Conference of Commissioners on Uniform State Laws (see, Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 7-6.1, 1997 Pocket Part, at 42). It is observed, however, that even though UTMA has substantially adopted the Uniform Act, it has not repealed UGMA with respect to custodianship accounts existing on December 31, 1996. The result is that we have two separate statutes governing custodianships.
The significant differences between the statutes clearly make UTMA a more attractive vehicle for the creation and administration of custodianships and, understandably, it is such statute which petitioner seeks to have applied. For example, UTMA encompasses all kinds of property (EPTL 7-6.9), whereas UGMA was limited to only certain types of property (EPTL 7-4.2); a custodian with special investment skills is held to a higher standard under UTMA (EPTL 7-6.12 [b]) than under UGMA (EPTL 7-4.4 [e]); and there is a more liberal distribution authority under UTMA (EPTL 7-6.14) than under UGMA (EPTL 7-4.4 [b]).
*1019 For purposes of this case, the determination of which statute controls is significant with respect to the time the custodianship terminates. Under UGMA, a custodianship terminates when the minor reaches the age of 18 years (EPTL 7-4.4 [d], as amended by L 1979, ch 462, eff Jan. 1, 1980), unless the transferor has expressly exercised the option of extending it to age 21 (EPTL 7-4.11). The age 21 election was not made here. Under UTMA, the rules are reversed; the custodianship terminates at age 21 (EPTL 7-6.20 [a]), unless the creator elects termination at age 18 (EPTL 7-6.21).
As noted earlier, the two statutes do not overlap: UTMA is applicable only to transfers made on or after January 1, 1997 (EPTL 7-6.22); UGMA continues to govern any transfer made on or before December 31, 1996 (EPTL 7-4.12 [d]). Under UTMA, a transfer is defined as "a transaction that creates custodial property under 7-6.9” (EPTL 7-6.1 [o] [emphasis added]). There is no similar definition for transfer under UGMA. Because the transactions set forth under EPTL 7-6.9 do not include the appointment of a successor custodian, UTMA is apparently not applicable to the administration of this custodianship. The result is that the successor custodian must administer the assets under UGMA, and is thus denied the advantages of UTMA. Also, a transfer of additional custodial property to the infant will now result in a UTMA custodianship account, even if the transfer purports.to be made under UGMA (EPTL 7-6.22). Clearly, under current New York law, issues will continue to arise concerning the proper termination date, as well as the appropriate standard for investments and authority to make distributions.
It should he observed that although New York is considering remedial legislation that would make UTMA apply, like the Uniform Act, to all transfers made before its effective date, any amendment to the law cannot include a change in the age at which the custodianship terminates because it would interfere with constitutionally vested property rights (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 51 [e]). Accordingly, petitioner’s request for such extension to age 21 is denied.
This decision constitutes the order of the court appointing petitioner successor custodian upon duly qualifying according to law.